UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAMELA LYNNE DOBBS,

                      Plaintiff,

  -v-

ALFRED JOHN DOBBS, II,

                      Defendant.

No. 06-CV-6104 (KMK)(MDF)

<u>ORDER ADOPTING
REPORT & RECOMMENDATION</u>

KENNETH M. KARAS, District Judge:

      Plaintiff Pamela Lynne Dobbs ("Plaintiff") brings this diversity action against her brother, Defendant Alfred John Dobbs, II ("Defendant"), alleging that Defendant improperly claimed as his own assets that belong to the estate of the Parties' father, Alfred J. Dobbs ("Dr. Dobbs"), who passed away on September 13, 2005. Principally, Plaintiff asserts that Defendant improperly claimed survivorship interests in certain assets when, in fact, Dr. Dobbs had named Defendant as joint-holder of accounts and beneficiary of certain other assets only so that Defendant could act as attorney-in-fact to manage Dr. Dobbs' legal and financial affairs in Dr. Dobbs' final years.

      Defendant moves for summary judgment on all five claims in Plaintiff's Second Amended Complaint, those being for: (1) constructive trust; (2) conversion; (3) fraud; (4) intentional infliction of emotional distress; and (5) negligent infliction of emotional distress. Magistrate Judge Mark D. Fox, to whom this Motion was referred, recommended that the Court deny the Motion as to the constructive trust and conversion claims and grant summary judgment

as to all other claims.  For the reasons stated in the Report and Recommendation ("R&R") of Magistrate Judge Fox and in this Order, Defendant's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

I.  Background

Plaintiff filed her initial Complaint on August 11, 2006.  Plaintiff filed an Amended Complaint on October 24, 2006, and a Second Amended Complaint on March 2, 2007.

On July 16, 2007, Defendant filed this Motion for Summary Judgment on all claims.  The Motion was fully briefed on September 4, 2007, and referred to Magistrate Judge Fox for a report and recommendation.[1]  On January 2, 2008, Magistrate Judge Fox issued the R&R.  Defendant filed timely objections to the R&R ("Obj."), contending that Magistrate Judge Fox erred in denying the Motion as to the constructive trust and conversion claims.[2]  Plaintiff did not object to any aspect of the R&R, but filed a response to Defendant's Objections on January 24, 2008.

---

[1] This case was initially assigned to Judge Colleen McMahon.  On January 5, 2007, Judge McMahon referred dispositive motions to Magistrate Judge Fox for a report and recommendation.  (Dkt. No. 61.)  On August 6, 2007, the case was reassigned to this Court.

[2] Magistrate Judge Fox issued the R&R on Wednesday, January 2, 2008.  Plaintiff contends that Defendant's Objections were not timely filed.  (Pl.'s Resp. to Def.'s Objs. to Magistrate Judge Fox's R&R of Jan. 2, 2008 at 12.)  Pursuant to Federal Rule of Civil Procedure 72(b)(2), a party has ten days to object "after being served with a copy of the recommended disposition."  Because this period is fewer than eleven days, it excludes intermediate Saturdays, Sundays, and legal holidays, *see* Fed. R. Civ. P. 6(a)(2), and so runs by its terms through January 16, 2008.  Additionally, however, "3 days are added after the period would otherwise expire" because service was made electronically.  Fed. R. Civ. P. 6(d).  This brings the deadline to January 19, which is excluded as a Saturday; January 20 is excluded as a Sunday; and January 21 is excluded as the Martin Luther King, Jr. holiday, and so the final deadline for objections was Tuesday, January 22, 2008.  *See* Fed. R. Civ. P. 6(a)(3) & 6(a)(4)(A).  Accordingly, Defendant's filing on January 18, 2008, took place before the deadline.

The Court adopts the background facts as set forth by Magistrate Judge Fox (R&R 1-5), and presumes the Parties' familiarity with them.

## II. Discussion

### A. Standard of Review

In review of a magistrate judge's report and recommendation, a court may "accept, reject, or modify, in whole or in part, the findings or recommendations." 28 U.S.C. § 636(b)(1). The Court reviews de novo those parts of the R&R to which a party has submitted timely, specific objections, *see* Fed. R. Civ. P. 72(b)(3), and reviews the balance for clear error only. *See Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Summary judgment may be granted where it is shown that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court must view all evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in the non-movant's favor. *See Tufariello v. Long Island R.R. Co.*, 458 F.3d 80, 85 (2d Cir. 2006). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Segal v. City of New York*, 459 F.3d 207, 211 (2d Cir. 2006). Where the movant shows prima facie entitlement to summary judgment, "the burden shifts to the nonmovant to point to record evidence creating a genuine issue of material fact." *Salahuddin v. Goord,* 467 F.3d 263, 273 (2d Cir. 2006). "[T]he nonmovant cannot rest on allegations in the pleadings and must point to specific evidence in the record to carry its burden on summary judgment." *Id.*; *see also McPherson v. N.Y. City Dep't of Educ.*, 457 F.3d 211, 215 n.4 (2d Cir. 2006) ("[S]peculation

3

alone is insufficient to defeat a motion for summary judgment."). The materiality of the facts is governed by substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). At summary judgment, the court is not charged with weighing the evidence and determining its truth, but only with determining whether there is a genuine issue for trial. *See Westinghouse Elec. Corp. v. N.Y. City Transit Auth.*, 735 F. Supp. 1205, 1212 (S.D.N.Y. 1990); *see also Castro v. Metro. Transp. Auth.*, No. 04-CV-1445, 2006 WL 1418585, at *2 (S.D.N.Y. May 23, 2006). The Court's goal should be to "isolate and dispose of factually unsupported claims . . . ." *Celotex Corp.*, 477 U.S. at 323-24.

B. Constructive Trust

Plaintiff's first cause of action seeks the imposition of a constructive trust over assets alleged to be held by Defendant for benefit of Dr. Dobbs' estate. Magistrate Judge Fox concluded that Defendant had not shown entitlement to summary judgment on this claim because there were disputed issues of fact regarding "the circumstances under which Dr. Dobbs transferred to Defendant a joint interest in, and/or named him the sole beneficiary of, his assets." (R&R 11.) Defendant objects to this conclusion, contending that there is no disputed issue of fact as to any element of the constructive trust claim, and that he is therefore entitled to summary judgment. (Obj. 3-12.) The Court thus reviews the disposition of the claim de novo.

A constructive trust is an equitable formulation that converts the holder of legal title into a trustee if retaining the beneficial interest would be unjust. *See Counihan v. Allstate Ins. Co.*, 194 F.3d 357, 360 (2d Cir. 1999); *see also Simonds v. Simonds*, 380 N.E.2d 189, 193 (N.Y. 1978) ("When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.")

4

(citing *Beatty v. Guggenheim Exploration Co.*, 122 N.E. 378, 380 (N.Y. 1919) (Cardozo, J.)). Four factors are commonly used in New York to determine the appropriateness of imposing a constructive trust: (1) the existence of a fiduciary or confidential relationship; (2) a promise, express or implied; (3) a transfer in reliance on the promise; and (4) unjust enrichment. *See Malmsteen v. Berdon, LLP*, 477 F. Supp. 2d 655, 668-69 (S.D.N.Y. 2007); *Simonds*, 380 N.E.2d at 194; *Cruz v. McAneney*, 816 N.Y.S.2d 486, 490 (App. Div. 2006). As an equitable remedy, however, imposition of a constructive trust "is not rigidly limited" to satisfaction of these factors. *Malmsteen*, 477 F. Supp. 2d at 669 (quoting *Simonds*, 380 N.E.2d at 194); *see also United States v. Rivieccio*, 661 F. Supp. 281, 292 (E.D.N.Y. 1987) ("The four elements . . . are not talismanic."). Instead, constructive trust is a flexible remedy used "whenever necessary to satisfy the demands of justice." *Simonds*, 380 N.E.2d at 194; *see also In re Koreag, Controle et Revision S.A.*, 961 F.2d 341, 354 (2d Cir. 1992) (collecting federal cases); *Cruz*, 816 N.Y.S.2d at 490; *Nastasi v. Nastasi*, 805 N.Y.S.2d 585, 590 (App. Div. 2005) ("The doctrine of constructive trust . . . is given broad scope to flex in response to all human implications of the transaction, to remedy whatever knavery ingenious wrongdoers can invent, to give expression to the conscience of equity, and to satisfy the demands of justice.").

        Defendant argues that the record lacks facts to establish any of the elements used by New York courts. (Obj. 3.) Defendant further claims that the life insurance proceeds and Individual Retirement Account ("IRA") were incorrectly merged with Magistrate Judge Fox's analysis of the joint assets. (Obj. 12-13.) The record, however, is sufficient to create at least a material dispute of fact as to each element and to the insurance proceeds and IRA as well as the joint assets.

5

### 1. Fiduciary or Confidential Relationship

There is, at a minimum, a triable issue of fact as to whether the father-son relationship between Dr. Dobbs and Defendant was a fiduciary or confidential relationship. *See Reale v. Reale*, 485 F. Supp. 2d 247, 253 (W.D.N.Y. 2007) (stating that familial relationships usually satisfy first element of constructive trust); *see also Rocchio v. Biondi*, 835 N.Y.S.2d 401, 403 (App. Div. 2007) (defining confidential relationship for purposes of constructive trust as arising "where a bond of trust and confidence exists between the parties").[3]

### 2. Promise by Defendant

Although the doctrine of constructive trust is a flexible remedy, a promise by Defendant in some form is an absolute requirement. *See Scivoletti v. Marsala*, 462 N.E.2d 126, 126 (N.Y. 1984) (stating that constructive trust may not be imposed without "finding of any promise, express or implied"). An implied promise can be inferred from the circumstances. *See Brand v. Brand*, 811 F.2d 74, 78 (2d Cir. 1987). In the context of constructive trusts, "a promise may be implied or inferred from the very transaction itself." *Sharp v. Kosmalski*, 351 N.E.2d 721, 723 (N.Y. 1976). Indeed, silence may evidence a tacit promise. *See Djamoos v. Djamoos*, 545 N.Y.S.2d 596, 597 (App. Div. 1989) ("In confidential family relationships, mutual understanding does not always depend upon words expressly uttered, and silence in the presence of conditional assertions may constitute tacit consent and a promise to comply with the conditions.").

---

[3] Defendant submits that the Court should not reach the summary conclusion that a confidential relationship exists. (Obj. 4.) Plaintiff did not, however, move for summary judgment, and the Court reads the R&R merely as finding sufficient disputed facts regarding whether a confidential relationship exists. (R&R 8.)

"Moreover, a trust which is originally dependent upon word of mouth for proof of its existence may be confirmed by part performance thereunder." *Id.* at 597-98.

Magistrate Judge Fox concluded that there was at least a disputed issue of fact as to this element, given that Dr. Dobbs was the sole depositor into the bank accounts in dispute, that Defendant wrote checks on the accounts only in limited circumstances, and that the alternative – creation of a survivorship interest in favor of Defendant – would be contrary to Dr. Dobbs' expressed testamentary plan. (R&R 9-10.)

Defendant claims that the joint account agreements signed by Dr. Dobbs and by Defendant to open Chase bank accounts should be preclusive of the Court finding the promissory element of Plaintiff's constructive trust claim to have been satisfied. (Obj. 6.) In support of this proposition, Defendant cites *In re First Central Financial Corp.*, which involved a dispute between two related New York corporations. 377 F.3d 209 (2d Cir. 2004). When one of the corporations in *First Central* was placed in bankruptcy rehabilitation and refused to turn over funds called for by a prior written agreement, the counter-party sought to collect on a theory of constructive trust. *Id.* at 211. The Second Circuit concluded that constructive trust is not an appropriate remedy "when the rights of the parties are structured by written agreement." *Id.* at 213. Defendant reasons that because both Dr. Dobbs and Defendant signed the Chase account agreements, a jury is precluded from finding any promise not embodied in the agreement.

Mechanically applying such a holding to this case would be contrary to the Second Circuit's explanation of its rule. In *First Central*, the Circuit explained that "where a valid agreement controls the rights and obligations of the parties, an adequate remedy at law typically exists." 377 F.3d at 215. Here, the fact that both Dr. Dobbs and Defendant were signatories to a

7

Chase account agreement hardly proves beyond dispute that the rights and obligations of the parties are structured by written agreement. No reasonable juror could look at the face of the agreement and conclude that Dr. Dobbs and Defendant meant it to structure rights *as between them*. (Aff. of Igor Yurovsky, Exs. A, B.)

Further, under New York law, deposits to a bank account created under a joint account agreement give rise only to a rebuttable presumption that a depositor into such an account intended to create joint tenancy and vest title to funds in the co-account holder. *See* N.Y. Banking Law § 675(b); *In re Costantino*, 818 N.Y.S.2d 394, 395 (App. Div. 2006) ("The statutory presumption is triggered by the language that appears on the bank documents establishing that decedent and respondent are joint tenants with the right of survivorship."). Thus, the relevant question is whether Plaintiff has identified material issues of fact such that a reasonable jury could find that the presumption created by the joint account has been rebutted. Here, even absent direct evidence of an express promise, a reasonable jury could infer the existence of a promise from the facts identified by Magistrate Judge Fox. *See In re Richichi*, 832 N.Y.S.2d 57, 58 (App. Div. 2007) ("The presumption created by Banking Law § 675 can be rebutted by providing direct proof that no joint tenancy was intended or substantial circumstantial proof that the joint account had been opened for convenience only." (internal quotation marks omitted)). Therefore, Defendant has not shown that there is no triable issue of fact as to the promissory element.

### 3. Transfer in Reliance on Promise

Magistrate Judge Fox concluded that "to the extent there are issues of fact regarding whether a promise was made, there are also issues of fact regarding whether a transfer of funds

8

was made in reliance on that promise." (R&R 11.) Defendant's Objections include a brief conclusory claim that "there is no evidence of reliance by Dr. Dobbs . . . ." (Obj. 11.) The fact of fund transfers into the Chase accounts, however, and various uses of those accounts are not in dispute. It is reasonable for a jury to find that, to the extent the claimed promise can be shown to have been made by Defendant, the transfers of funds to joint accounts in which Defendant shared control would have been in reliance on such a promise. Therefore, a disputed issue of fact exists as to this element of the claim sufficient to survive summary judgment.

### 4. Unjust Enrichment

Observing that a finding of unjust enrichment is a "legal inference drawn from the circumstances surrounding the transfer of property and the relationship of the parties," *Brand*, 811 F.2d at 81, Magistrate Judge Fox concluded that the circumstances are such that a reasonable finder of fact could conclude that the element of unjust enrichment has been satisfied. (R&R 11.)

This case involves an alleged promise to *re-transfer* property, a discrete form of constructive trust. Such a promise to re-transfer upon the occurrence of a contingency represents a "subspecies" of the constructive trust doctrine. *See Nastasi*, 805 N.Y.S.2d at 590. Under the circumstances discussed above, a reasonable fact finder could determine from the evidence in the record that Defendant promised to re-transfer property and, as such, would be unjustly enriched if he was to retain title. The Court therefore agrees with Magistrate Judge Fox that the determination of whether Defendant's enrichment was unjust depends on the resolution of factual issues concerning the transfer of the property interests.

9

### 5. IRA and Life Insurance Proceeds

With respect to the IRA and life insurance proceeds, the R&R indicates in a footnote that "the same issues of fact regarding Dr. Dobbs' intent apply to them as well[,]" because of their temporal proximity to the creation of the joint accounts. (R&R 10 n.4.) Defendant objects to this analysis, contending that Magistrate Judge Fox erred by integrating these assets into his analysis of the joint accounts. (Obj. 12-13.) Initially, it bears noting that non-probate assets are regularly subject to the doctrine of constructive trust. *See Simonds*, 380 N.E.2d at 195 (affirming imposition of constructive trust on life insurance proceeds). Here, the joint accounts discussed above are assets not subject to probate. Each individual asset does not exist in a vacuum, and must be considered in the totality of circumstances to determine if unjust enrichment has resulted. *See Matter of O'Rourke*, 648 N.Y.S.2d 704, 706 (App. Div. 1996) ("There must be evidence that as between the two parties to the transactions and under the surrounding circumstances, any enrichment is unjust."). Unjust enrichment does not focus on each isolated transaction, but considers a "broad view of the human setting involved." *McGrath v. Hilding*, 363 N.E.2d 328, 331 (N.Y. 1977). Dr. Dobbs named Defendant as a beneficiary to the first of these assets at about the same time Dr. Dobbs opened the joint accounts with Defendant. (R&R 3-4.) When considered in connection with the circumstances underlying the joint accounts, it would be reasonable for a jury to find the life insurance proceeds and IRA subject to the same implied promise between Dr. Dobbs and Defendant as it might find with the joint accounts. The Court therefore reaches the same conclusion as did Magistrate Judge Fox and finds that the same issues of fact precluding summary judgment on the constructive trust

claim as to the bank accounts similarly preclude summary judgment with respect to the life insurance and the IRA.

C. Conversion

Plaintiff's second cause of action is for conversion. Conversion is "defined as 'any unauthorized exercise of dominion or control over property by one who is not the owner . . . which interferes with and is in defiance of a superior possessory right of another . . . .'" *Citipostal, Inc. v. Unistar Leasing*, 724 N.Y.S.2d 555, 559 (App. Div. 2001) (quoting *Meese v. Miller*, 436 N.Y.S.2d 496, 500 (App. Div. 1981)). The crucial question in this case is whether Plaintiff had a right to possess the disputed assets. Magistrate Judge Fox concluded there were sufficient issues of fact regarding Plaintiff's "ownership" or "superior right of possession" to preclude summary judgment for Defendant. (R&R 14.)

Describing Magistrate Judge Fox's review as a "superficial analysis," Defendant claims entitlement to summary judgment because a conversion claim may not be predicated on an equitable interest in an asset and, Defendant reasons, constructive trust is an equitable claim. (Obj. 13-14.) Defendant correctly states a general proposition of common-law conversion. *See Traffix, Inc. v. Herold,* 269 F. Supp. 2d 223, 228 (S.D.N.Y. 2003) ("[A] claim for conversion cannot be predicated on an equitable interest . . . ."). It is not clear, however, that this general proposition necessarily applies to an interest recognized by constructive trust, which, although an equitable remedy, has certain features of legal title. *See Markwica v. Davis*, 472 N.Y.S.2d 510, 511 (App. Div. 1984) (stating that constructive trust is "a remedial device created by the court to compel a person who holds legal title to property subject to an equitable duty to convey the property to another to avoid unjust enrichment").

11

The Court need not decide this, however, because the Court does not read Plaintiff's conversion claim as necessarily premised on the constructive trust claim; that is, Plaintiff has adequately pled a claim for conversion independent of her other allegations. *See Henry v. Daytop Vill.*, 42 F.3d 89, 95 (2d Cir. 1994) ("[W]e may not construe [Plaintiff's] first claim as an admission against another alternative or inconsistent claim."). Defendant does not show he is entitled to judgment as a matter of law on Plaintiff's conversion claim merely because Plaintiff has separately pled a constructive trust claim. Moreover, the conversion claim does not necessarily survive or fail based on the outcome of the constructive trust claim. *See* Fed. R. Civ. P. 8(d)(2) ("If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); *see also Adler v. Pataki*, 185 F.3d 35, 41 (2d Cir. 1999) (stating that Federal Rules of Civil Procedure offer "sufficient latitude to construe separate allegations in a complaint as alternative theories"); *Henry*, 42 F.3d at 95 (noting that alternative pleading principle of Rule 8(d)(2) applies to summary judgment motion); *Technical Tape Corp. v. Minn. Min. & Mfg. Co.*, 200 F.2d 876, 877 (2d Cir. 1952) (holding that disjunctive allegations are permitted). Indeed, New York courts have allowed conversion claims to run concomitantly with constructive trust claims. *See, e.g., Church of God Pentecostal Found. of Love, MI v. Iglesias de Dios Pentecostal, MI*, 812 N.Y.S.2d 131, 132 (App. Div. 2006) (denying summary judgment to defendant on both constructive trust and conversion claims).

Therefore, Defendant's objection fails and the Court concludes, as did Magistrate Judge Fox, that Defendant is not entitled to summary judgment on the conversion claim.

### D. Plaintiff's Other Claims

Neither Party has objected to Magistrate Judge Fox's recommendations that summary judgment be granted in favor of Defendant on the claims for fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress. Reviewing the R&R for clear error, this Court finds none and therefore adopts the portion of the R&R granting summary judgment as to those claims.

### III. Conclusion

In summary, this Court agrees with the conclusions reached in the R&R, and the R&R is therefore ADOPTED in its entirety. Defendant's Motion for Summary Judgment is denied as to Plaintiff's causes of action for constructive trust and conversion, but granted as to the causes of action for fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress. Thus, for the reasons stated in this Order and in the R&R, Defendant's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

The Clerk of Court is respectfully directed to terminate the pending Motion (Dkt. No. 92).

SO ORDERED.

Dated: August 14, 2008
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List by ECF:

Linnea J. Levine, Esq.
Linnea J. Levine, Law Offices
1071 Post Road East
Westport, Connecticut 06880
linneajlevine@gmail.com
*Counsel for Plaintiff*

Gregory J. McDonald, Esq.
Harris Beach, LLP
726 Exchange Street, Suite 1000
Buffalo, New York 14210
gmcdonald@harrisbeach.com
*Counsel for Defendant*


Copy To:

The Honorable Mark D. Fox
United States Magistrate Judge